IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **JOSEPH J. BROADWAY,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 2:17-cv-398-WKW-DAB |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,** | ) ) ) ) |
| Defendant. | ) ) |

## REPORT AND RECOMMENDATION

On June 20, 2017, Joseph J. Broadway filed this lawsuit against State Farm Mutual Automobile Insurance Company ("State Farm") asserting claims of breach of contract (Count I), UIM benefits (Count II), and bad faith breach of contract (Count III). (Doc. 12 at ¶¶ 26-43). This matter comes before the court on State Farm's motion to dismiss. (Doc. 13). The motion is fully briefed and taken under submission on the record following oral argument.

I.  **JURISDICTION**

Subject matter jurisdiction is exercised pursuant to 28 U.S.C. § 1332. The parties do not contest personal jurisdiction or venue, and there are adequate allegations to support both. *See* 28 U.S.C. § 1391. On June 28, 2017, this matter was referred to the undersigned by Chief U.S. District Judge Watkins for disposition or

recommendation on all pretrial matters. (Doc. 4). *See also* 28 U.S.C. § 636(b); Rule 72, Fed. R. Civ. P.; *United States v. Raddatz,* 447 U.S. 667 (1980); *Jeffrey S. v. State Board of Education of State of Georgia,* 896 F.2d 507 (11th Cir. 1990).

## II. BACKGROUND AND STATEMENT OF FACTS[1]

### A. Prior Litigation – *Broadway I*

This is the second law suit filed in this Court on the underlying facts. In Civil Action No. 2:13-cv-628 ("*Broadway I*"), District Judge Keith Starrett presented the following background:

> This action is centered around an automobile accident involving Plaintiff Joseph J. Broadway ("Plaintiff") and Roger Channell ("Channell") on July 10, 2012, in Montgomery, Alabama. Neither party disputes that Channell was at fault for this accident, nor is there any dispute that, at the applicable time, Plaintiff held an automobile insurance policy (the "Policy") with Defendant State Farm Mutual Automobile Insurance Company ("Defendant"), which included uninsured motorist benefits. There is also no real dispute to the fact that Plaintiff was injured in the accident.
>
> Plaintiff reached a settlement agreement with Channell's automobile insurance company for $25,000.00, the limit of Channell's coverage under his policy. Plaintiff then sought uninsured motorist benefits from Defendant, claiming that this $25,000.00 did not adequately cover his injuries from the accident.
>
> As of December 5, 2012, Plaintiff had submitted records showing that his medical bills totaled $5,194.37 and that his loss of income totaled $6,385.06. (Letter from Plaintiff's Attorney, Exhibit 10

---

[1] These are the facts for purposes of recommending a ruling on the pending motions to dismiss; they may not be the actual facts and are not based upon evidence in the court's record. They are gleaned exclusively from the allegations in the Amended Complaint.

to Plaintiff's Depo. [94-1].) Plaintiff had also submitted documentation from his physician, Dr. Patrick Ryan, stating that he had a permanent physical impairment of four percent. (Ryan Letter, Plaintiff's Exhibit 28 to Taylor Depo. [93-3].) Plaintiff has consistently maintained that his injuries exceed $50,000.00 and that Defendant is required to pay him the full policy limit of $25,000.00 in addition to the settlement he received from Channell's insurance company. Because it does not agree that the amount of Plaintiff's injuries total in excess of $30,000.00, Defendant offered $5,000.00 to Plaintiff in satisfaction of his claim. On January 18, 2013, Defendant sent Plaintiff, through his lawyer, a letter which stated

> "State Farm is committed to paying the amount reasonably owed to our insureds under the uninsured coverage as soon as practical. To date, we have been unable to agree on an amount.
>
> "Your current demand is $25,000.00 and our current offer is $5,000.00. Since it appears we have reached an impasse, we are enclosing our payment for $5,000.00, which constitutes our initial offer.
>
> "The remaining coverage available will be reduced by the enclosed advanced payment. This payment will also be credited against any final determination of damages.
>
> "This payment should be considered an advance without prejudicing your client's right to receive a higher amount in the future through continued negotiations.
>
> "We will continue to evaluate any and all new information you may have that could effect our evaluation."

(Letter from Defendant, Exhibit 11 to Plaintiff's Depo. [94-1].) Plaintiff admits that he received and cashed the check enclosed with the letter. (Plaintiff Depo. [119-1] at p. 175:19-23.) Plaintiff further admits that the next communication Defendant received from him was the

> complaint filed in this action, dated July 26, 2013. (Id. at p. 176:16-23.) Plaintiff admits that he neither received nor sent any further communication about the claim after the January 2013 letter and check were received. (Id. at p. 178:20-23.)

*Broadway I* (Doc. 159 at 1-3)(footnote omitted). J. Starrett entered summary judgment in favor of State Farm.

> [T]he Alabama Supreme Court has held that when breach of contract and bad faith refusal to pay claims, the only claims Plaintiff currently has before this Court, are premature when there has been no determination as to the extent of a plaintiff's damages. Pontius, 915 So.2d at 564. As there has been no such determination in this case, the Court must find that Plaintiff's claims are premature and therefore not ripe for adjudication.

*Broadway I* (Doc. 159 at 5).

On March 28, 2017, the Eleventh Circuit affirmed the summary judgment.

> "[W]here the evidence of the extent of damages is disputed, the insured has not proven ... that he is 'legally entitled to collect' " for purposes of proving a claim for breach of contract or for bad faith. *LeFevre*, 590 So.2d at 160. Because undisputed evidence in the record establishes that the amount of Plaintiff's damages was still in controversy when Plaintiff filed this civil action, Plaintiff had not yet proved the amount to which he was "legally entitled to recover." As a result, Plaintiff's claims for breach of contract and for bad faith—as a matter of Alabama law—were filed prematurely and were subject to dismissal without prejudice for lack of subject-matter jurisdiction. *See Ex parte Safeway Ins. Co. of Ala., Inc.*, 990 So.2d 344, 352 (Ala. 2008); *Pontius*, 915 So.2d at 564.

*Broadway v. State Farm Mut. Auto. Ins. Co.*, 683 F. App'x 801, 805–06 (11th Cir. 2017)(footnote omitted).

### B. Current Litigation

Plaintiff filed his Complaint (Doc. 1) on June 20, 2017, and the Amended Complaint on July 20, 2017. (Doc. 12). In the Amended Complaint, Plaintiff alleged that the Eleventh Circuit's opinion was issued "without reviewing any of Plaintiff's facts, and on the alleged basis that the bad faith claims pertaining to the original adjustment and handling of this underinsured motorist <u>claim in December 2012 and January 2013</u> were 'premature and not ripe.'" (Doc. 12 at ¶ 11)(emphasis in original). Plaintiff alleged that "[i]t is subsequent conduct by State Farm in 2015 to the present and continuing ongoing that is the subject of this new, ripe and mature claim of bad faith refusal to pay [Plaintiff's] legitimate underinsured motorist claim." (Doc. 12 at ¶12). The Amended Complaint recites extensive facts wherein Plaintiff claims that he presented medical bills and other expenses totaling $105,911.82. (Doc. 12 at ¶¶13ff).

On August 3, 2017, State Farm filed its motion to dismiss. (Doc. 13).

### III.  STANDARD OF REVIEW[2]

---

[2] Plaintiff argues that "State Farm has submitted a factual argument and evidence" and that "Defendant's motion is essentially one or summary judgment under Rule 56." (Doc. 21 at 1). However, as discussed herein, resolution of this motion may be reached without reference to any evidence outside the Amended Complaint.

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the Complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

When evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court must take "the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663 (alteration in original) (citation omitted). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The standard also "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" of the claim. *Twombly*, 550 U.S. at 556. While the complaint need not set out "detailed factual allegations," it must provide sufficient factual amplification "to raise a right to relief above the speculative level." *Id.* at 555.

"So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Twombly*, 550 U.S. 558 (quoting 5 Wight & Miller § 1216, at 233-34 (quoting in turn *Daves v. Hawaiian Dredging Co.*, 114 F.Supp. 643, 645 (D. Haw. 1953)) (alteration original). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556).

> "In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."

*Iqbal*, 556 U.S. at 679.

## IV.  DISCUSSION

State Farm argues that:

> While Plaintiff for the first time has attempted to assert a UIM claim (Count Two) in Plaintiff's First Amended Complaint in the

> above-styled cause of action in an effort to establish the amount of damages he is legally entitled to recover from Channell, he again has prematurely filed causes of action for breach of contract (Count One) and bad faith (Count Three) that are identical to the claims he asserted in *Broadway I* and that this Court dismissed.

(Doc. 13 at 2). Accordingly, State Farm argues that

> There was and continues to be a bona fide dispute between the parties as to the amount of the damages the insured is legally entitled to recover from Channell. Accordingly, Plaintiff's claims for breach of contract (Count One) and bad faith (Count Three) are not ripe for adjudication and are due to be dismissed given that the Court lacks subject matter jurisdiction over them.

(Doc. 13 at 3). Despite the extensive recitation of Plaintiff's allegations of damages in the Amended Complaint, the extent of Plaintiff's damages are, as they were in *Broadway I*, disputed, and therefore, Plaintiff, as the insured, has not proven that he is "legally entitled to collect" for purposes of proving a claim for breach of contract or for bad faith. The issue is not whether Plaintiff has sufficiently pleaded extensive damages but the fact that even accepting all the facts as pleaded by Plaintiff, he has not shown that his damages are undisputed. It is clear from *Broadway I* and the current suit that the damages are in dispute, and the amount of Plaintiff's damages was still in controversy when Plaintiff filed his Complaint. (Doc. 1). "As a result, Plaintiff's claims for breach of contract and for bad faith—as a matter of Alabama law—were filed prematurely and were subject to dismissal without prejudice for lack of subject-matter jurisdiction. *See Ex parte Safeway Ins. Co. of Ala., Inc.*, 990 So.2d 344, 352 (Ala. 2008); *Pontius*, 915 So.2d at 564." *Broadway I*, 683 F. App'x

at 806, (footnote omitted). It matters not that Plaintiff has added a claim for UIM benefits in the current suit because that is precisely the legal determination he must make *before* filing his claims for breach of contract and bad faith, and the UIM claim, on its own, is insufficient to satisfy the amount in controversy necessary for jurisdiction in this Court. Accordingly, State Farm's motion to dismiss is due to be granted without prejudice.

## V.      RECOMMENDATION AND CONCLUSION

Accordingly, for the reasons as stated, it is the **RECOMMENDATION** of the Magistrate Judge that State Farm's motion to dismiss all claims against it without prejudice (Doc. 13) are due to be **GRANTED**.

It is **ORDERED** that the parties shall file any objections to this Recommendation on or before **December 22, 2017.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by

the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

**RESPECTFULLY RECOMMENDED** this 8th day of December, 2017.

_____
David A. Baker
United States Magistrate Judge