IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOSEPH J. BROADWAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:17-CV-398-WKW |
| | ) | [WO] |
| STATE FARM MUTUAL | ) | |
| AUTOMOBILE INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

This is the second iteration of litigation between the parties over Plaintiff's uninsured/underinsured motorist policy with State Farm Mutual Automobile Insurance Company. The first, *Broadway v. State Farm Mut. Auto. Ins. Co.*, No. 2:13-CV-628, 2016 WL 2946418 (M.D. Ala. May 20, 2016) (*Broadway I*), was dismissed by Judge Starrett (*Broadway I*, Doc. # 159) and affirmed by the Eleventh Circuit in *Broadway v. State Farm Mut. Auto. Ins. Co.*, 683 F. App'x 801 (11th Cir. 2017).

The first case contained a claim for breach of contract, a claim for bad faith, and a claim for fraud. The fraud count was dismissed with prejudice, and the other two counts were dismissed without prejudice. (*Broadway I*, Doc. #16.) This case contains those two remaining claims, breach of contract and bad faith, plus one for

benefits under the policy. Defendant moves to dismiss the breach of contract claim and the bad-faith claim. The bad-faith claim is due to be dismissed without prejudice for failure to state a claim. The motion to dismiss the breach of contract claim will be denied without prejudice, with directions to the parties to brief the distinction, if any, between a "breach of contract" cause of action and "an action for contract benefits" when both actions are based on the same insurance contract.

There is no dispute that Plaintiff suffered damages due to the fault of an underinsured motorist. After notice to State Farm as required by the policy, Plaintiff settled with the other driver for policy limits. State Farm considered the claims of Plaintiff over and above the policy limits of the underinsured driver, and determined that Plaintiff was entitled to an additional $5,000 under his personal policy with State Farm. With the payment enclosed, State Farm wrote Plaintiff that the claim was still active and that it would consider any other evidence Plaintiff wished to provide to support additional benefits. Since that correspondence, the parties have been in dispute as to the amount of damages to which Plaintiff is entitled. Per the terms of the policy, Plaintiff filed this action to collect his policy benefits and more.

An element of bad faith in the underinsured motorist context is breach of contract. *See Ex parte Alfa Mut. Ins. Co.*, 799 So. 2d 957, 962 (Ala. 2001). Additionally, at least as to bad faith, Alabama requires that a bad-faith plaintiff have already established the amount of damages to which he is entitled *before* bringing

suit. *Quick v. State Farm Mut. Auto Ins. Co.*, 429 So. 2d 1033, 1035 (Ala. 1983). Plaintiff has not done so. That is why that claim is due to be dismissed without prejudice.

State Farm argues that the claim for breach of contract is also barred in Alabama until Plaintiff has proved the amount of damages to which he is entitled from the underinsured motorist. There is quite a bit of authority for this statement of the law in Alabama, *see Quick*, 429 So. 2d at 1035; *Aetna Cas. & Sur. Co., Inc. v. Beggs*, 525 So. 2d 1350, 1352 (Ala. 1988) (quoting *Quick*, 429 So. 2d at 1035); *LeFevre v. Westberry*, 590 So. 2d 154, 158 (Ala. 1991) (quoting *Quick*, 429 So. 2d at 1035); *Pontius v. State Farm Mut. Auto. Ins. Co.*, 915 So. 2d 557, 563 (Ala. 2005) (quoting *Quick*, 429 So. 2d at 1035), but that statement is so broad as to include a contract action for benefits *under* a UIM policy, as well as an action for *breach* of the same policy. The court conceives no analytical difference between the two causes of action, especially where State Farm concedes Plaintiff is entitled to the benefit but merely disputes the amount of damages. The parties did not brief this issue. Hence, the motion to dismiss the breach of contract action is denied without prejudice, with instructions to the parties to brief the legal and analytical difference, if any, between an action for *benefits under* a policy and an action for *breach of* that same policy, in view of the policy language.

Accordingly, it is ORDERED as follows:

1. The Recommendation of the Magistrate Judge (Doc. # 27) is ADOPTED as to the bad-faith claim in Count III of the amended complaint and REJECTED at this time as to the breach-of-contract claim in Count I of the amended complaint.

2. Defendant's motion to dismiss (Doc. # 13) is GRANTED as to Count III, and Count III is DISMISSED without prejudice.

3. Defendant's motion to dismiss (Doc. # 13) is DENIED without prejudice as to Count I.

4. Defendant's alternative motion for summary judgment (Doc. # 13) is DENIED AS MOOT.

5. The parties are DIRECTED to brief the legal and analytical difference, if any, between an action for benefits under a policy and an action for breach of that same policy. Briefs shall be filed on or before **October 26, 2018**, and responses on or before **November 9, 2018**.

DONE this 28th day of September, 2018.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE